IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN A. ASHBY, | ) | 8:08CV401 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BANK OF THE WEST, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on September 11, 2008. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on September 11, 2008, against Bank of the West. (Filing No. 1 at CM/ECF p. 1.) Bank of the West is a licensed financial institution operating in Nebraska. (*Id.* at CM/ECF p. 2.) Plaintiff is an African-American who resides in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that Defendant charged him $33.00 on June 19, 2008, for an overdraft on his checking account. (*Id.* at CM/ECF p. 5.) Plaintiff went to the bank to object to the charge in person, but Defendants "ultimately refused to reverse [Plaintiff's] unwanted bank fee." (*Id.* at CM/ECF pp. 5-6.) Plaintiff believes he was subject to "prejudicial and disagreeable treatment" during this encounter. (*Id.* at CM/ECF p. 6.)

Plaintiff alleges that Defendant's negligent account management caused him tremendous financial hardship and inconvenience. (*Id.* at CM/ECF p. 7.) In addition, Plaintiff states that he "suffered severe aggravation of his [mental] illness." (*Id.*) Plaintiff seeks monetary relief in the form of "compensatory and punitive damages." (*Id.* at CM/ECF p. 8.) Plaintiff also seeks costs and attorneys fees, and any other damages "which the [c]ourt deems proper and just." (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   Plaintiff's Civil Rights Claims

Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983.  To obtain relief under 42 U.S.C. § 1983, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2)  that a person acting under color of state law caused the deprivation.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  "The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment:  is the alleged infringement of federal rights 'fairly attributable to the State?'"  *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Thus, an allegation that a private entity has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983.  *See, e.g.,* *Pino v. Higgs*, 75 F.3d 1461, 1464-67 (10th Cir. 1996) ("To bring a claim under § 1983, a plaintiff must initially establish that a defendant acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State' to deprive the plaintiff of 'any rights, privileges, or immunities secured by the Constitution and laws' of the United States.  42 U.S.C. § 1983.") (citations omitted).  Therefore, if the actions of the defendant were "not state action, our inquiry ends."  *Rendell-Baker*, 457 U.S. at 838.

Here, Defendant is a private entity.  A private entity's action can only constitute state action when "there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Brentwood Acad. v. Tennessee Secondary School Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)).  Plaintiff does not allege that Defendant's actions were taken under color of

3

state law or were otherwise sanctioned by the state.  Because Plaintiff has failed to set forth facts sufficient to create a nexus between Defendant's actions and the State, the court must dismiss Plaintiff's civil rights claims.

       B.     Plaintiff's ADA Claim

Liberally construed, Plaintiff also asserts claims under the ADA.  (Filing No. 1 at CM/ECF p. 2.)  The ADA has three different sections focused on separate types of conduct.  Title I prohibits discrimination in employment against qualified individuals with disabilities.  *See* 42 U.S.C. § 12112.  Title II prohibits "public entities" from excluding disabled individuals from or denying them the benefits of programs, activities, or services, and from otherwise discriminating against them. *See* 42 U.S.C. § 12132 (stating that a "public entity" includes "any State or local government."  42 U.S.C. § 12131(1)(A)).  Title III prohibits private entities from denying an individual "full and equal enjoyment" of goods, services, and other benefits provided by "places of public accommodation" on the basis of that individual's disability.  *See* 42 U.S.C. § 12182(a).

Liberally construed, Plaintiff's ADA claims arise under Title III because his allegations are against a private entity.  (Filing No. 1 at CM/ECF p. 2.)  However, Title III does not provide a private right of action for damages.  *See* 42 U.S.C. § 12188(a)-(b); 42 U.S.C. § 2000a-3(a); *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("Money damages are not an option for private parties suing under Title III of the ADA.").  Because Plaintiff only seeks monetary damages, his Title III claims must also be dismissed.  (Filing No. 1 at CM/ECF p. 8.)

       C.     Plaintiff's State Law Claims

Liberally construing the Complaint, Plaintiff may also have claims for violations of state law.  The court declines to exercise supplemental jurisdiction over

these claims because it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).  However, the court will dismiss Plaintiff's Complaint without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

2.      A separate Judgment will be entered in accordance with this Memorandum and Order.

October 29, 2008.                          BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge